NATHAN W. BUSH, PRESIDENT, ETC., v. MICAH P. WILSON.

A due bill, which admits, by its terms, the capacity of the makers thereof, as
trustees of an institution, and their indebtedness as such, to the payee, will
support an action against them as such trustees ; and an order therein, that
"the treasurer is authorized to pay the same out of any funds, not otherwise
appropriated, so soon as collected, without interest," does not limit the liabil-
ity of the institution to pay the debt thus recognized, only when funds may
be collected by the treasurer, which may not be otherwise appropriated.

A judgment for interest, at eight per cent. from the *rendition thereof*, is not in
conflict with the terms of such an instrument, admitting an indebtedness,
*without interest.*

ERROR from Austin.    Tried below before the Hon. James H.
Bell.

This was a suit by the defendant in error, against Nathan W.
Bush, the plaintiff in error, Ezra Cleveland, Miller Francis,
J. H. Catlin, J. W. McDade and J. R. Wier, as trustees of the
" Texas Orphan Asylum," on the following instrument of writing :

"Texas Orphan Asylum, January 12th, 1855.·

" $220.    Due M. P. Wilson, two hundred and twenty dollars,
in a settlement with him, as agent for the institution ; and the
treasurer is authorized to pay the same out of any funds, not
otherwise appropriated, so soon as collected, without interest.

" N. W. BUSH, Pres't of the Board.
"E. CLEVELAND, Secretary.
" MILLER FRANCIS.
" J. W. McDADE.
" J. H. CATLIN.
" J. RANDOLPH WIER."

A copy of this instrument was set forth in the petition, in *hæc
verba,* as the foundation of the action.    The petition alleged the
execution by the defendants, as such trustees, and the delivery
to petitioner, of the said instrument of writing, in consideration
of the services rendered by the petitioner to the said trustees,
and at their instance, for the benefit of the said institution ;
that the treasurer, president, and other officers and members of

the board of trustees, had failed to pay the said sum of money, although often requested. Prayer for judgment against the defendants, for the amount of the said obligation, according to its tenor and effect; and that he have his execution, to be satisfied out of the funds and property of the "Texas Orphan Asylum," in their hands, and under their control, as trustees of the said institution.

To this petition the defendants filed a general demurrer, assigning for special exception, that, "as shown by plaintiff's petition, they never undertook, agreed, or promised to pay said amount sued for, until they, or their treasurer, should have funds of said institution in hand, not otherwise appropriated; and it is not alleged, that either the treasurer, or any of the signers of said instrument, have, or ever had any funds on hand belonging to said institution, not otherwise appropriated." The defendants also answered by a general denial; and by a plea, denying specially, that they had had, since the making of said instrument, or then had, funds of the institution on hand.

The plaintiff amended his petition, and alleged, that they had had funds and means in their possession and control, in subscriptions, lands, and other property, to a very large amount.

The demurrer was overruled, a jury waived, the cause submitted to the court, and a judgment rendered for the plaintiff against the defendants, as trustees, for the sum of $220, "with interest thereon, at eight per cent. from *this date*, till paid;" and that he have his execution against the property of the Texas Orphan Asylum. There was no statement of the facts.

*Hunt & Holland*, for the plaintiff in error.

*Frank Lipscomb*, for the defendant in error.

ROBERTS, J.—The court below did not err in overruling the exceptions to the petition. The instrument signed by appellants, admitted the capacity of appellants as trustees of the "Texas Orphan Asylum," and their indebtedness as such, to appellee, in the sum of $220. They embrace therein also an order to their trea-

surer to pay this amount "out of any funds, not otherwise appropriated, so soon as collected." This order does not limit the liability of this institution to pay this debt, thus recognized, only when funds may be collected by the treasurer, which may not be otherwise appropriated. That would place the payee at the mercy of the trustees, and in a far worse condition than if the order had not been embraced in the instrument; whereas it was obviously intended for his advantage, and to save the trouble and delay of another order by the board, appropriating this amount.

The judgment does not contemplate that interest shall be computed from the date of the note, but from the date of the judgment, and is not therefore in conflict with the terms of the instrument. Judgment affirmed, with ten per cent. damages.

Affirmed with damages.